## REED v. MINDLIN.

### No. 1835.

District Court, E. D. Pennsylvania.

March 13, 1944.

H. P. McFadden, of Bethlehem, Pa., for plaintiff.

Mauch & Goodman, of Bethlehem, Pa., for defendant.

KALODNER, District Judge.

The plaintiff, receiver of a National Bank[1], is suing the defendant endorser for the balances due on three promissory notes, each payable in 30 days, dated respectively February 15, 1933, in the face amount of $650; February 6, 1933, in the face amount of $500; February 15, 1933, in the face amount of $600.

The complaint sets forth certain credits due to the defendant as appear on the reverse side of the notes. The complaint avers that the defendant made payment on account on these notes on the respective dates appearing on said endorsements. The alleged payments appearing on the first note are as follows: October 13, 1933, $5.52; August 7, 1935, $9.48; November 16, 1935, $10; October 23, 1939, $10; on the second note; August 7, 1935, $5; November 16, 1935, $5; October 23, 1939, $5; on the third note; August 7, 1935, $10; November 16, 1935, $10; and October 23, 1939, $10.

The complaint was filed on October 29, 1941, and the defense is that the claim is barred by the statute of limitations. The defendant's answer admits the averments of the complaint "except such of those as relate to the truth and correctness of the copy of alleged entries on the reverse side of (each) note", and hence denies the excepted averments for the reasons which the defendant sets up as "new matter". In his new matter the defendant asserts that the various payments or reductions appearing on the back of the notes were made under duress under the following circumstances: With respect to the payments or reductions on August 7, 1935, November 16, 1935, and October 23, 1939, defendant avers that the bank was indebted to the defendant on each of those dates for certain services and it refused to pay defendant unless the defendant made some payment in reduction of the notes; that on each of the aforesaid dates the defendant consented to the application of $25 on the notes under protest only because of the necessity to obtain immediately needed material and payroll expenses; and that these payments were made without any admission of liability or the promise to pay the debt.

I might observe preliminarily that "it cannot be said that one is coerced when he has ample opportunity to have his rights litigated and can utilize all the processes of law to protect himself against an unwarranted demand." Tugboat Indian Co. v. A/S Ivarans Rederi, 334 Pa. 15, 20, 5 A.2d 153, 155; Miller v. Miller, 68 Pa. 486, 493; Yulsman v. DuBois, 346 Pa. 310, 30 A.2d 323.

Moreover, it should be noted that the payments or reductions made on August 7, 1935, and November 16, 1935, were made *before* the expiration of the statute of limitations so that when these payments were made the rules that may be applicable to the *revival* of a debt *after* the statute of limitations do not necessarily apply. 37

---

[1] Since the institution of the suit the claim has been assigned.

314

Corpus Juris 1171, Limitations of Actions, § 651. The six years, therefore, had not transpired when suit was started on October 27, 1941. The same thing can therefore be said for the payments on October 23, 1939, because the notes were in full force and effect by reason of the previous two payments.

Accordingly the plaintiff's motion for judgment on the pleadings for the balances due must be granted.

An order for judgment, together with the proper assessment of damages, may be submitted.